**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MONTELONGO GROUP LLC** | § | **CASE NO. 26-52688-mmp** |
| | § | **(Chapter 11)** |
| **Debtor** | § | |

# DEBTOR'S EMERGENCY APPLICATION FOR AUTHORIZATION TO USE CASH COLLATERAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, Montelongo Group LLC., Debtor-in-Possession in the above styled and numbered Chapter 11 bankruptcy case, and files this Emergency Application for Authorization to Use Cash Collateral, and in support thereof would respectfully show the Court the following:

1. On October 7, 2026, Montelongo Group LLC. (hereinafter called "Debtor") filed its voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2. At the time of the Debtor's bankruptcy filing, the Debtor had one creditor which held a security interest in Debtor's cash collateral. More specifically, the U.S. Small Business Administration (the "Cash Collateral Creditor) has a blanket security interest in all of Debtor's assets including but not limited to cash and account receivables. At the Petition Date, the amount owed to the Cash Collateral Creditor was $134,113.00:

3. At the time of the Debtor's bankruptcy filing, the balance of Debtor's bank account was approximately $20,000.00. The balance of the Debtor's accounts receivable was approximately $100,000.00.

4. The Debtor would show that the U.S. Small Business Administration is adequately protected by its respective pre-petition liens on the various items of collateral described above.

5. The Debtor seeks authority under 11 U.S.C. §363(c)(2)(B) to use the cash collateral of the U.S. Small Business Administration to sustain the Debtor's ongoing operations. The Debtor has insufficient other unencumbered cash resources, and has been unable to obtain sufficient post-petition credit to administer its business other than pursuant to §363 of the Bankruptcy Code.

6. Debtor requires the continued use of cash collateral to make payments on, among other things, fuel, taxes, rental payments, insurance, payroll, payroll expenses, utility charges, and the costs of supplies used in the operation of the business. Such expenses are encountered by the Debtor in the ordinary course of the Debtor's business, and payment of these expenses is critical to the continued existence of the Debtor and the administration of the case and bankruptcy estate. Debtor’s cash collateral budget is attached hereto.

7. The Debtor proposes to provide adequate protection to U.S Small Business Administration to the extent required by this Court, in the form of the following:

a. Replacement liens on all post-petition inventory and accounts receivable acquired by the Debtor since the filing of the petition generated by the use of cash collateral; and

b. Debtor shall remain current on all of its tax obligations, including but not limited to deposit of employee withholding for income, Social Security taxes and hospital insurance (Medicare) and employer’s contribution for Social Security taxes and deposit excise tax, if applicable. Debtor shall file all present and future returns as they become due.

8. In addition to the above forms of adequate protection, the Debtor proposes to make monthly adequate protection payments to U.S. Small Business Administration in the amount of $645.00, beginning November 1, 2026, and continuing monthly thereafter until confirmation of a Plan of Reorganization.

9. In the event that a hearing cannot be conducted immediately, the Debtor requests preliminary, interim authorization to use cash collateral to fund the Debtor's operations for a period of fifteen (15) days. A form of interim order is attached hereto.

10. The Debtor submits that the use of cash collateral in the Debtor's continued operations are in the best interest of the estate and the Debtor's creditors.

WHEREFORE, PREMISES CONSIDERED, Montelongo Group LLC. requests that the Court authorize it to use the cash collateral of the Cash Collateral Creditors upon the terms and conditions set forth herein, and for such other and further relief to which Debtor may show itself entitled.

Respectfully submitted,

Villa & White LLP

By: *__/s/ Morris E. “Trey” White III*___________

Morris E. “Trey” White III
State Bar No. 24003162
100 NE Loop 410 #615
San Antonio, Texas 78216

(210) 225-4500 Telephone
(210) 212-4649 Fax
ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, a true and correct copy of the above and foregoing document was served on the parties listed on the attached creditor's matrix pursuant to Bankruptcy Rule 9013.

__/s/ *Morris E. "Trey" White III*___________
Morris E. "Trey" White III